IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA



APR 1 6 2009

WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By_____
Deputy Clerk

HERBERT WEATHERFORD, )
)
Plaintiff, )
)
v. ) No. CIV 06-544-RAW-SPS
)
RON WARD, )
)
Defendant. )

## OPINION AND ORDER

Plaintiff, a former inmate of the Oklahoma Department of Corrections, has filed this civil rights complaint pursuant to 42 U.S.C. § 1983, requesting damages of 25 million dollars for an alleged constitutional violation during his incarceration at Mack Alford Correctional Center in Stringtown, Oklahoma. The defendant, former DOC Director Ron Ward, has not been served.[1]

Plaintiff alleges that on October 17, 1991, he was issued an Offense Report for Possession or Manufacture of Contraband. He pleaded guilty at his disciplinary hearing on October 22, 1991, and was punished with (a) 15 days in segregation, (b) 45 days without canteen, and (c) a $15.00 fine. He subsequently was charged with the same offense in Atoka County District Court Case No. CRF-1992-1, and pleaded guilty on February 12, 1992. He was sentenced to 20 years' imprisonment and assessed a $392.00 fine.[2] He alleges he was

---

[1]Plaintiff has asked for permission to substitute the current DOC Director for Defendant Ward [Docket #13]. The court finds, however, that a substitution would not cure the defects with the complaint.

[2]According to the DOC website at http://www.doc.state.ok.us/, plaintiff was discharged on December 14, 2004, prior to filing this lawsuit.

punished twice for the same offense, in violation of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution.

The court has carefully reviewed the record and construes plaintiff's pleadings liberally. *Haines v. Kerner*, 404 U.S. 519 (1972). Before plaintiff can seek compensatory damages for his alleged unconstitutional conviction, he first must prove his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (citing 28 U.S.C. § 2254). When judgment for a plaintiff in a § 1983 suit "would necessarily imply the invalidity of his conviction or sentence, . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id*. Because plaintiff has not presented evidence that his conviction in Case No. CRF-1992-1 has been invalidated, the court finds his claim for damages is not cognizable under § 1983.

**ACCORDINGLY,** this action is, in all respects, DISMISSED WITHOUT PREJUDICE for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6).

**IT IS SO ORDERED** this 16th day of April 2009.

*Ronald A. White*

**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**